**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAFIL DHAFIR,

        *Petitioner*,

     v.

FEDERAL BUREAU OF PRISONS, *et al.*,

        *Respondents*.

No. 18-cv-713 (RDM)

## <u>MEMORANDUM OPINION</u>

Upon consideration of the Petition for Writ of Mandamus ("Petition"), Dkt. 1, Respondents' opposition, Dkt. 14, and Respondents' notice and supplement to that opposition, Dkt. 26, the Court will dismiss the petition for writ of mandamus as moot.

Although the Petition is far from clear, it appears to seek a writ of mandamus or other writ requiring Respondents to seek a reduction in Petitioner's sentence through compassionate release and/or to correct an alleged error in Petitioner's file such that he might be incarcerated at a lower security institution during what remains of his term of incarceration.  Dkt. 1 at 12, 8, 23; *id.* at 13 (explaining that "the conduct complained of" is "the determination that he is a member of a particular subgroup which requires placement in a more security facility" and "the denial of his request for the Director of the BOP to file a [reduction in sentence request] on Dhafir's behalf").  At the time that Petitioner initiated this action, he was in "the custody of the BOP," *id.* at 15, at an institution in Ayer, Massachusetts; he was later housed at another BOP correctional institution in White Deer, Pennsylvania, Dkt. 18.

On June 1, 2020, the Court docketed Petitioner's notice of change of address indicating a new mailing address that, unlike his earlier address of record, did not appear to be a BOP facility.  *Compare* Dkt. 19 *with* Dkt. 25.  In light of this change of address and the Court's duty to ensure that it has jurisdiction over the matter before it, the Court entered a Minute Order explaining these circumstances and "instruct[ing] [each of the parties] to file, on or before July 10, 2020, a notice informing the Court whether Petitioner remains incarcerated and, if Petitioner is no longer incarcerated, setting forth their views on whether his [P]etition should be dismissed as moot."  Minute Order (Jun.  24, 2020).

On July 10, 2020, Respondents filed a notice and supplement to their opposition to the Petition along with the declaration of An Tran, Assistant General Counsel for the Bureau of Prisons.  Dkt. 26.  These submissions explained that Petitioner is no longer in physical BOP custody; that he has been furloughed from the BOP facility where he was held; and that he "is currently on home confinement due to the COVID-19 pandemic."  Dkt. 26-1 at 1.  Respondents argue that "Petitioner's subsequent release has rendered his application for mandamus relief moot."  Dkt. 26 at 2.  Petitioner has not filed a notice in response to the Court's June 24, 2020 minute order and has not otherwise disputed Respondents' assertion that he has already received all of the relief that he seeks.

In the absence of some indication that Petitioner seeks any relief that he has not already received, the Court concludes that the pending petition is now moot.  The Court will,

accordingly, dismiss the Petition for lack of jurisdiction.  A separate order will issue.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 21, 2020